UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **KENNETH RAY BATISTE**<br>      **LA. DOC #610435**<br>**VS.** | **CIVIL ACTION NO. 6:14-cv-0781**<br><br>**SECTION P**<br><br>**JUDGE RICHARD T. HAIK, SR.** |
| **WARDEN TIMOTHY DUCOTE** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Kenneth Ray Batiste, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 9, 2014.  He attacks his 2013 conviction for manslaughter and the 35 year hard labor sentence imposed thereon by the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies prior to filing his petition; it is also recommended that the petition, insofar as it seeks damages and declaratory relief, be **DISMISSED** for failing to state a claim for which relief may be granted.

*Background*

Petitioner was originally charged with first or second degree murder.  On April 15, 2013 he pled guilty to the lesser included offense of manslaughter and on July 8, 2013 he was sentenced to serve 35 years at hard labor. [Doc. 1, p. 3] He did not appeal. [Doc. 4, ¶8] On February 6, 2014 he filed a *pro se* application for post-conviction relief in the Fifteenth Judicial

District Court raising the following claims (1) denial of the right to appeal; (2) ineffective assistance of counsel; (3) untimely institution of prosecution; (4) insufficiency of the evidence; and (5) double jeopardy. On March 12, 2014 his application for post-conviction relief was denied as was his request for an out-of-time appeal. [Doc 4, ¶11] He did not seek further review in the appropriate Court of Appeals or the Louisiana Supreme Court. [*Id.*]

He filed the instant petition on April 9, 2014 raising the following claims for relief: (1) denial of the right to appeal; (2) involuntary guilty plea; (3) untimely institution of prosecution; and, (4) ineffective assistance of counsel. [Doc. 4] He also claims that a *pro se* motion to quash remains pending in the Fifteenth Judicial District Court. [Doc. 4, p. 15] He prayed for *habeas* corpus relief asking the Court to vacate his conviction and sentence. He also prayed for a judgment declaring that his rights were violated along with compensatory and punitive damages, and for the appointment of counsel. [Doc. 1, p. 8]

### *Law and Analysis*

*1. Damages and Declaratory Relief*

As noted above, petitioner seeks compensatory and punitive damages along with a declaratory judgment. Such relief is not available by way of a petition for *habeas corpus*. *Wilkinson v. Dotson*, 544 U.S. 74, 91, 125 S.Ct. 1242, 1253, 161 L.Ed.2d 253 (2005), citing *Muhammad v. Close*, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). To the extent that petitioner seeks such relief, he fails to state a claim for which relief may be granted.

*2. Right to Counsel*

Petitioner also requests appointment of counsel. While there is no Sixth Amendment right to appointed counsel for prisoners mounting collateral attacks on their convictions or

sentences the court <u>may</u> nevertheless appoint counsel to represent an inmate pursuing federal *habeas corpus* relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Wright v. West*, 505 U.S. 277, 293, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (no Constitutional right to counsel in *habeas corpus* proceedings); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir.1992); see also 28 U.S.C. § 2254(h); Rules 6(a) and 8(c), Rules Governing Section 2254 Cases in the District Courts; and 18 U.S.C. §3006A.

Of course, in those cases where an evidentiary hearing is deemed necessary, the court <u>must</u> appoint counsel; but otherwise, the decision on whether or not to appoint counsel rests in the sound discretion of the trial court. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir.1993).

Petitioner has failed to demonstrate that his case is so legally or factually complex that he is unable to adequately present his claims. Further, dismissal of the petition is being recommended and consequently, appointment of counsel at this time would serve no useful purpose.

### 3. Exhaustion of State Court Remedies

Petitioner seeks *habeas corpus* relief pursuant to 28 U.S.C. §2254. The statute provides in pertinent part:

> An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. §2254(b)(1)(A) and (B).

Furthermore, decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition.  See for example: *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983);  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999);  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).

In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999);  *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985);  *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988);  *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. *See* LSA – Const. Art. 5, §5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts...")  Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana  Supreme Court in a procedurally correct manner.  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).

By his own admission petitioner has not sought review of the denial of his application for post-conviction relief in the appropriate Circuit Court of Appeal or the Supreme Court of Louisiana. Furthermore, a review of the presumptively reliable published jurisprudence of the Louisiana Supreme Court reveals no orders or judgments with respect to petitioner's conviction. In other words, it is patently clear that petitioner has not presented his federal *habeas corpus* claims to the Louisiana Supreme Court in a procedurally correct manner and therefore his petition remains unexhausted.

Finally, petitioner claims that exhaustion is futile because "... the state court recently decided same legal question adversely to petitioner..." and "because [it is] clear that [the] State court would not reinstate petitioner's appeal..." [Doc. 1, p. 7] and because the "... State of Louisiana has been sued through the office of the District Attorney..." [Doc. 4, ¶13(a)] However, these vague and conclusory allegations fail to establish that petitioner is exempt from the rule of exhaustion. Therefore,

Petitioner's request for appointment of counsel [Doc. 1] is **DENIED**; and,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies;

**IT IS FURTHER RECOMMENDED** that the petition, insofar as it seeks declaratory judgment and money damages, be **DISMISSED** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana May 19, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE